MIMS *v.* MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.

FISH, J.  The plaintiff's petition not showing that, in doing the acts from which the injury whereof she complains resulted, she either acted under duress or was influenced by the alleged fraudulent conduct of the defendant's agents, no cause of action was set forth, and the court did not err in sustaining the demurrer to the petition.

                  *Judgment affirmed.   All the Justices concurring.*

        Argued December 7, — Decided December 20, 1900.

Complaint.   Before Judge Bennet.   Brooks superior court. January 22, 1900.

The petition alleged, in brief, that certain agents of the defendant company approached the plaintiff and her husband, and urged them to take out policies of life-insurance with the defendant for $500 each, one on her life and one on his, but, because of poverty and inability to pay the premiums, they refused to do so; that to induce them to apply for the policies these agents falsely and fraudulently represented to her that one of the agents, one Womack, was the owner and president of a certain bank, and that "if petitioners were able to pay the required premiums and would take the policies, the said . . Womack would loan petitioners the sum of five or six hundred dollars upon each of the policies thus issued, and thus enable petitioner to pay said premiums and have ample money left to pay their debts and live comfortably afterwards;" that the agents mentioned then gave her husband intoxicating liquor until they made him drunk, and, while he was in that condition, obtained from both of them a note payable to one Cox, for $347, which was cashed; and secured her signature and that of her husband to applications for two $500 policies; that she was "forced by importunities of her said husband . . , and while [he] was too drunk to underderstand what he was doing, to sign the application upon her own life and the said note to . . Cox, in order to get her husband away from the influence of the said" agents; that as soon as her husband got over the influence of the liquor she told him what had occurred, and immediately sought legal counsel, and notified the defendant by telegraph and mail not to issue the policies, as the applications had been obtained by fraud; but the defendant sent the policies to her; that she and her husband returned the policies and demanded of the defendant a return of the $347, "which was so fraudulently and

wrongfully taken from them;" that by reason of the premises and of the bad faith of the defendant she was forced to employ counsel to bring this suit for the recovery of a half of the $347 so taken, and will have to pay a stated sum as attorney's fee; and she was forced to sell property at greatly reduced prices to replace the money. so taken, at the loss of a stated sum; and will have to incur a stated expense in attending court for the trial of the case. She prayed for the recovery of these several sums. The court dismissed the petition, on demurrer, and the plaintiff excepted.

*S. T. Kingsbery & Son* and *W. S. Humphreys,* for plaintiff.
*Smith, Hammond & Smith* and *A. T. Woodward,* for defendant.